Melvin A. Brosterman
Quinlan D. Murphy
Benjamin I. Rubinstein
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, New York 10038-4982
(212) 806-5400

***ATTORNEYS FOR DEFENDANT NEUBERGER BERMAN LLC***

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE FRIDATOR TRUST,<br><br>                         Plaintiff,<br><br>          -against-<br><br>NEUBERGER BERMAN LLC,<br><br>                         Defendant. | No. 10 Civ. 5917 (BSJ)<br><br>**ANSWER OF DEFENDANT**<br>**NEUBERGER BERMAN LLC** |

        Defendant Neuberger Berman LLC ("Neuberger Berman"), by its counsel,

Stroock & Stroock & Lavan LLP, for its Answer to The Fridator Trust's ("Plaintiff") Complaint

(the "Complaint") hereby answers as follows:

## NATURE OF THE ACTION

        1.        Neuberger Berman denies knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph 1 of the complaint.

## JURISDICTION AND VENUE

        2.        The allegations contained in paragraph 2 of the Complaint state a legal conclusion

to which an admission or denial is not required.

3.      The allegations contained in paragraph 3 of the Complaint state a legal conclusion to which an admission or denial is not required.

4.      The allegations contained in paragraph 4 of the Complaint state a legal conclusion to which an admission or denial is not required, but to the extent that one is required, Neuberger Berman denies the allegations, except admits that Neuberger Berman has transacted and is transacting business in the State of New York and in this judicial district.

## PARTIES

5.      Neuberger Berman denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint.

6.      Neuberger Berman admits the allegations contained in paragraph 6 of the Complaint.

## FACTUAL ALLEGATIONS

7.      Neuberger Berman denies the allegations contained in paragraph 7 of the Complaint, except admits that Lincoln Capital Fixed Income Capital Management Company, LLC ("Lincoln") was a subsidiary of Lehman Brothers Holdings, Inc. ("Lehman"), and that Fridator entered into an Investment Advisory Agreement with Lincoln, and respectfully refers the Court to the Investment Advisory Agreement for its terms.

8.      Neuberger Berman denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, except admits that Lincoln changed its name to Lehman Brothers Asset Management LLC ("LBAM") and that LBAM was a subsidiary of Lehman.

9.      Neuberger Berman denies the allegations contained in paragraph 9 of the Complaint, except admits that LBAM changed its name to Neuberger Berman Fixed Income

Group LLC, and that Neuberger Berman Fixed Income Group LLC became an affiliate of Neuberger.

10.     Neuberger Berman denies the allegations contained in paragraph 10 of the Complaint.

11.     Neuberger Berman denies the allegations contained in paragraph 11 of the Complaint, except admits the existence of the Investment Advisory Agreement and respectfully refers the Court to that document for its terms.

12.     Neuberger Berman denies the allegations contained in paragraph 12 of the Complaint, except admits the existence of the Investment Advisory Agreement and respectfully refers the Court to that document for its terms.

13.     Neuberger Berman denies the allegations contained in paragraph 13 of the Complaint, except admits the existence of the Investment Advisory Agreement and respectfully refers the Court to that document for its terms.

14.     Neuberger Berman denies the allegations contained in paragraph 14 of the Complaint, except admits the existence of the Investment Advisory Amendment and respectfully refers the Court to that document for its terms.

15.     Neuberger Berman denies the allegations contained in paragraph 15 of the Complaint, except admits the existence of the Investment Advisory Amendment and respectfully refers the Court to that document for its terms.

16.     Neuberger Berman denies the allegations contained in paragraph 16 of the Complaint.

17.     Neuberger Berman denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18.    Neuberger Berman denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, except admits that, on or about September 15, 2008, Lehman filed a voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy Code.

19.    Neuberger Berman denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20.    Neuberger Berman denies the allegations contained in paragraph 20 of the Complaint, except admits that certain Fridator assets were withheld as a result of actual and potential third party claims.

21.    The allegations contained in paragraph 21 of the Complaint state a legal conclusion to which an admission or denial is not required, but to the extent that one is required, Neuberger Berman denies the allegations.

22.    The allegations contained in paragraph 22 of the Complaint state a legal conclusion to which an admission or denial is not required, but to the extent that one is required, Neuberger Berman denies the allegations.

23.    The allegations contained in paragraph 23 of the Complaint state a legal conclusion to which an admission or denial is not required, but to the extent that one is required, Neuberger Berman denies the allegations.

24.    The allegations contained in paragraph 24 of the Complaint state a legal conclusion to which an admission or denial is not required, but to the extent that one is required, Neuberger Berman denies the allegations.

25.     The allegations contained in paragraph 25 of the Complaint state a legal conclusion to which an admission or denial is not required, but to the extent that one is required, Neuberger Berman denies the allegations.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

26.     As its response to paragraph 26 of the Complaint, Neuberger Berman repeats and realleges by reference its response to paragraphs 1 through 25 of the Complaint as if fully set forth herein.

27.     The allegations contained in paragraph 27 of the Complaint state a legal conclusion to which an admission or denial is not required, but to the extent that one is required, Neuberger Berman denies the allegations.

28.     The allegations contained in paragraph 28 of the Complaint state a legal conclusion to which an admission or denial is not required, but to the extent that one is required, Neuberger Berman denies the allegations.

29.     The allegations contained in paragraph 29 of the Complaint state a legal conclusion to which an admission or denial is not required, but to the extent that one is required, Neuberger Berman denies the allegations.

30.     The allegations contained in paragraph 30 of the Complaint state a legal conclusion to which an admission or denial is not required, but to the extent that one is required, Neuberger Berman denies the allegations.

31.     The allegations contained in paragraph 31 of the Complaint state a legal conclusion to which an admission or denial is not required, but to the extent that one is required, Neuberger Berman denies the allegations.

## SECOND CAUSE OF ACTION

### (Breach of Fiduciary Duty)

32.      As its response to paragraph 32 of the Complaint, Neuberger Berman repeats and realleges by reference its response to paragraphs 1 through 31 of the Complaint as if fully set forth herein.

33.      The allegations contained in paragraph 33 of the Complaint state a legal conclusion to which an admission or denial is not required, but to the extent that one is required, Neuberger Berman denies the allegations.

34.      The allegations contained in paragraph 34 of the Complaint state a legal conclusion to which an admission or denial is not required, but to the extent that one is required, Neuberger Berman denies the allegations.

35.      The allegations contained in paragraph 35 of the Complaint state a legal conclusion to which an admission or denial is not required, but to the extent that one is required, Neuberger Berman denies the allegations.

## THIRD CAUSE OF ACTION

### (Professional Negligence)

36.      As its response to paragraph 36 of the Complaint, Neuberger Berman repeats and realleges by reference its response to paragraphs 1 through 35 of the Complaint as if fully set forth herein.

37.      The allegations contained in paragraph 37 of the Complaint state a legal conclusion to which an admission or denial is not required, but to the extent that one is required, Neuberger Berman denies the allegations.

38.     The allegations contained in paragraph 38 of the Complaint state a legal conclusion to which an admission or denial is not required, but to the extent that one is required, Neuberger Berman denies the allegations.

39.     The allegations contained in paragraph 39 of the Complaint state a legal conclusion to which an admission or denial is not required, but to the extent that one is required, Neuberger Berman denies the allegations.

## FOURTH CAUSE OF ACTION

### (Conversion)

40.     As its response to paragraph 40 of the Complaint, Neuberger Berman repeats and realleges by reference its response to paragraphs 1 through 39 of the Complaint as if fully set forth herein.

41.     The allegations contained in paragraph 41 of the Complaint state a legal conclusion to which an admission or denial is not required, but to the extent that one is required, Neuberger Berman denies the allegations.

42.     The allegations contained in paragraph 42 of the Complaint state a legal conclusion to which an admission or denial is not required, but to the extent that one is required, Neuberger Berman denies the allegations.

43.     The allegations contained in paragraph 43 of the Complaint state a legal conclusion to which an admission or denial is not required, but to the extent that one is required, Neuberger Berman denies the allegations.

44.     The allegations contained in paragraph 44 of the Complaint state a legal conclusion to which an admission or denial is not required, but to the extent that one is required, Neuberger Berman denies the allegations.

7

## AFFIRMATIVE DEFENSE

Neuberger Berman asserts the following affirmative defense and reserves the right to amend this Answer to assert other and further defenses when and if, in the course of its investigation, discovery, or preparation for trial, it becomes appropriate.  By designating this matter a "defense" Neuberger Berman does not intend to suggest either that Plaintiff does not bear the burden of proof as to such matter or that such matter is not an element of Plaintiff's prima facie case against Neuberger Berman.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to dismissal because it has failed to join indispensable parties.

WHEREFORE, Neuberger Berman respectfully requests that the Court:

(i)     deny all of Plaintiff's claims and dismiss the Complaint against Neuberger Berman with prejudice;

(ii)    award Neuberger Berman its costs, reasonable attorneys' fees and disbursements in this action; and

(iii)   grant such other and further relief as this Court deems just.


Dated:   New York, New York
         August 27, 2010

                                           STROOCK & STROOCK & LAVAN LLP

                                                  /s/ Quinlan D. Murphy
                                           By:    Melvin A. Brosterman
                                                  Quinlan D. Murphy
                                                  Benjamin I. Rubinstein

                                                  180 Maiden Lane
                                                  New York, New York 10038-4982
                                                  (212) 806-5400

                                                  Attorneys for Defendant Neuberger
                                                  Berman LLC